## MORTGAGE

THIS MORTGAGE (this "<u>Mortgage</u>") is effective as of the 4th day of October, 2022, by INSTANT REHAB OHIO LLC, an Ohio limited liability company, whose address is 5210 Kaylin Drive, New Franklin, Ohio 44319 (the "<u>Mortgagor</u>"), in favor of NOLAN HILBRUNER, whose mailing address is 3060 Robin Dr., Ravenna, Ohio 44266 (the "<u>Mortgagee</u>");

### RECITALS

A. Mortgagor is the owner of that certain real property known as **674 Moon Street, Akron, Ohio 44307**, being Summit County tax parcel Nos. **67-26295 and 67-09603** by operation of Quit Claim Deed recorded February 11, 2022 as Summit County Doc No. 56717131, and more particularly described on <u>Exhibit A</u>, attached hereto and made a part hereof by this reference (the "<u>Land</u>").

B. Mortgagor is justly indebted to Mortgagee pursuant to that certain Contract between Mortgagor and Mortgagee dated September 7, 2022, in which Mortgagor agreed to complete certain construction work for Mortgagee in exchange for a loan from Mortgagee to Mortgagor in the amount of **SEVENTY THOUSAND and 00/100 DOLLARS ($70,000.00)**, being payable as provided therein, which, together with all modifications and amendments thereto and all notes issued in replacement thereof or substitution therefor is referred to as the "<u>Loan Agreement</u>";

C. Mortgagee has requested, as a condition to making the loan evidenced by the Loan Agreement, that Mortgagor grants to Mortgagee a mortgage and security interest in and to the Property hereinafter defined.

NOW, THEREFORE, for and in consideration of $70,000 and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Mortgagor grants a security interest to Mortgagee in and to the following real and personal property, whether now owned, leased, held or hereafter acquired by Mortgagor (hereinafter collectively referred to as the "<u>Property</u>"):

1. The Land, together with all rights and easements now or hereafter created which are appurtenant thereto (including without limitation all streets, alleys, passages, water, water courses, riparian rights, rights, liberties and privileges thereof, if any) and all strips and gores and all related tenements and hereditaments, if any; and

DOC # 56771814

Page 1 of 6
10/05/2022 2:22 PM Recording Fee: $66.00
Kristen M. Scalise CPA, CFE, Summit County Fiscal Officer

2. Mortgagor shall pay all water rents, sewer service charges and other governmental or municipal charges or rates and homeowners association assessments levied, imposed or charged against said Property as the same become due and payable.

3. Mortgagor will keep the Property free and clear from all mechanics' liens and any other statutory liens during the continuance of this Mortgage.

4. Mortgagor will not sell, further encumber, lease, further mortgage, enter into a land contract or option to purchase or otherwise dispose of the Property or any part thereof or interest therein without first obtaining the written consent of Mortgagee and will not suffer any new superior lien or any lien inferior to this Mortgage to exist against the Property during the continuance of this Mortgage without obtaining the prior written consent of Mortgagee. In the event that title to the Property, or any part thereof or interest therein, becomes vested in a person or persons not approved by Mortgagee, the indebtedness secured hereby will become due and payable at Mortgagee's option. In the event that ownership of the Property, or any part thereof or interest therein, becomes vested in such person or persons other than Mortgagor, Mortgagee may, without prior notice to the Mortgagor, deal with such successor or successors in interest with reference to this Mortgage, in the same manner as with Mortgagor, without in any way releasing, discharging or otherwise affecting Mortgagor's liability hereunder or for the indebtedness hereby secured.

5. Mortgagor will keep and maintain all buildings and improvements (including fixtures), and all apparatus and personal property owned by Mortgagor, now or hereafter situated on the Property at all times in good order, condition and repair, ordinary wear and tear excepted, and in compliance with all applicable laws, ordinances and regulations. No buildings or substantial improvements on the Property will be demolished or removed by Mortgagor without the prior written consent of Mortgagee. Mortgagor will not commit waste on the Property or suffer waste to be committed thereon. Further, Mortgagor covenants that Mortgagor shall not cause or permit the disposal on or contamination of the Property in violation of any federal, state, local or administrative law, rule, regulation or order (hereinafter "**Environmental Laws**"), and Mortgagor shall indemnify and save harmless Mortgagee, his heirs, administrators, successors and assigns from all losses, costs, expenses, claims, actions and damages arising out of any violations of said Environmental Laws whether now existing or hereinafter enacted.

6. Mortgagor will keep all buildings on the Property insured to the full replacement cost thereof in such forms and with such companies and for such length of time as required by Mortgagee, for the benefit of Mortgagee, as Mortgagee's interest may appear, and will place and keep a certificate of such insurance with Mortgagee upon Mortgagee's request.

7. Mortgagor hereby agrees that in the event of Mortgagor's failure to comply with any or all of the covenants, agreements, conditions and stipulations herein set forth, then Mortgagee will be and hereby is authorized and empowered at its option, but without legal obligation so to do, (i) to pay any unpaid obligation secured by any lien on the Property, water rents, sewer rental charges and other governmental charges and rents, homeowner's association assessments, and all or any part of the unpaid taxes, assessments and re-assessments; (ii) to effect insurance on said buildings to the amount above named; and (iii) to enter or have Mortgagee's agents enter upon the Property whenever necessary for the purpose of inspecting the Property and curing any default of Mortgagor hereunder. Mortgagor agrees that Mortgagee will thereupon have a claim against Mortgagor for all sums paid by Mortgagee for such

DOC # 56771814

01280692-1

Page 2 of 6
10/05/2022 2:22 PM Recording Fee: $56.00
Kristen M. Scalise, CPA, CFE, Summit County Fiscal Officer

https://mail.google.com/mail/u/0/?tab=rm&ogbl#search/hilbruner/FMfcgzGwHVVFNfHzstxNjMmpRxBWrwJD?projector=1                                                1/1

1/16/24, 2:46 PM                                    IMG_1576.jpeg

water rents, sewer rental charges and other governmental or municipal charges and rates, taxes, assessments and re-assessments, insurance and defaults. Any such sum and the interest thereon, if any, will be immediately due and payable and be secured hereby, having the benefit of the lien hereby created, as a part hereof and its priority.

8. No sale of the Property, no forbearance on the part of Mortgagee, no extension of the time for the payment of the indebtedness under the Loan Agreement or any change in the terms thereof consented to by Mortgagee will in any way whatsoever operate to release, discharge, modify, change or affect the original liability of Mortgagor herein, either in whole or in part. No waiver by Mortgagee of any breach of any covenant of Mortgagor herein contained will be construed as a waiver of any subsequent breach of the same or any other covenant herein contained. Mortgagee may pursue Mortgagee's rights under the Loan Agreement without first exhausting Mortgagee's rights hereunder and all rights, powers and remedies conferred upon Mortgagee herein are in addition to each and every right which Mortgagee may have hereunder at law or equity, and may be enforced concurrently therewith.

9. If any action or proceeding be commenced, to which action or proceeding Mortgagee is made a party by reason of the execution of this Mortgage or the indebtedness under the Loan Agreement, or in which it becomes necessary to defend or uphold the lien of this Mortgage or the priority thereof or possession of the Property, or otherwise to perfect the security hereunder, all sums paid by Mortgagee for the expense of any litigation to prosecute and defend the rights and liens created hereby will be paid by Mortgagor together with interest thereon from the date of payment at the highest lawful rate of interest then permitted under applicable law. Any such sum and the interest thereon will be immediately due and payable and be secured hereby, having the benefit of the lien hereby created, as a part hereof and its priority.

10. The occurrence of any of the following events will constitute a default under this Mortgage: (i) the occurrence of any default in the performance or observance of any of the terms, covenants or agreements contained herein, in the Loan Agreement or arising out of the indebtedness under the Loan Agreement (other than a default relating to the payment of money), and such breach continues for a period of ten (10) days from the date such breach occurs; (ii) the institution of any foreclosure proceeding by the holder of any mortgage or lien upon the Property; (iii) a Mortgagor's insolvency or application to any Bankruptcy Court to be adjudicated a voluntary bankrupt; (iv) the institution of any proceeding against Mortgagor to put it in involuntary bankruptcy, which is not dismissed within thirty (30) days; (v) the commencement of any proceeding against Mortgagor for the appointment of a receiver, which is not dismissed within thirty (30) days; (vi) the seizure of the Property under any writ or process of court, or by any trustee acting under any mortgage; or (vii) a default relating to the payment of money under the terms of the Loan Agreement or any agreement related to any other superior or inferior lien against the Property. Upon the occurrence of any of the foregoing events, the whole of the indebtedness will, at the election of Mortgagee, become immediately due and payable without notice and Mortgagee, its successors and assigns are hereby authorized and empowered to foreclose this Mortgage or otherwise to pursue any other rights or remedies permitted hereunder or by law.

11. Mortgagor shall pay all filing and recording fees and all expenses incident to the execution and acknowledgement of this Mortgage, and any instrument of further assurance, and all federal, state, county and municipal stamp taxes and other taxes, duties, imposts, assessments and charges arising out of

DOC # 56771814
Page 3 of 6
10/05/2022 2:22 PM Recording Fee: $ 66.00
Kristen M. Scalise, CPA, CFE, Summit County Fiscal Officer
01280682-1

https://mail.google.com/mail/u/0/?tab=rm&ogbl#search/hilbruner/FMfcgzGwHVVFNfHzstxNjMmpRxBWrwJD?projector=1          1/1

2. All buildings, structures and improvements of every kind and description now or hereafter constructed or placed on the Land and all materials intended for construction, reconstruction, alteration and repairs of the same, all of which shall be subjected to and encumbered by the lien and security interest created by this Mortgage immediately upon the delivery thereof to the Property, and all fixtures and articles of personal property in which Mortgagor now has or at any time hereafter acquire an interest and which are attached to or contained in and used in connection with the Property, and all renewals or replacements thereof or articles in substitution therefor, without regard to whether the same are or shall be attached to the buildings in any manner; it being mutually agreed that all such property shall, so far as permitted by law, be deemed to be fixtures and a part of the realty and covered by this Mortgage; and

3. All proceeds of the conversion, voluntary or involuntary, of any of the foregoing property into cash or liquidated claims, including but not limited to the proceeds of insurance and all awards payable by reason of the condemnation (or private sale in lieu thereof) of all or any portion of any such property (whether temporary or permanent), together with any and all unearned premiums accrued, accruing or to accrue under any and all insurance policies now or hereafter obtained by Mortgagor.

TO HAVE AND TO HOLD the Property unto Mortgagee, his heirs, successors, trustees, administrators, and assigns, forever.

Mortgagor represents to Mortgagee that at and until the ensealing of these presents, Mortgagor is the owner of marketable, indefeasible, fee simple title in and to the Property and has good right to mortgage and to grant a security interest therein in manner and form as above written, and Mortgagor will execute, acknowledge and deliver any further assurances as may be necessary or required hereto to evidence or confirm the interest in the Property granted by this Mortgage.

THE CONDITION OF THIS MORTGAGE IS, that whereas Mortgagors has executed and delivered this Mortgage for the purpose of securing all of the following:

(a) the payment when due of all principal, interest and other sums payable under the Loan Agreement; and

(b) the payment, as and when due, of all sums which may be expended or advanced by Mortgagee pursuant to any term or provision of this Mortgage or of any other agreement delivered in connection with this transaction.

AND WHEREAS, Mortgagor does hereby further covenant with Mortgagee as follows:

1. Mortgagor shall pay and discharge as the same become payable, all payments with respect to other mortgages and liens encumbering the Property, and all taxes, assessments, re-assessments and other governmental charges whatsoever now or hereafter imposed by any public authority upon the Property or any part thereof, or Mortgagor's interest therein, without regard to any law heretofore or hereafter enacted imposing payment of the whole or any part thereof upon the Mortgagee and to promptly, when requested, provide Mortgagee with proof of all such payments. Mortgagor further covenants to promptly reimburse Mortgagee for any and all penalties and interest incurred as the result of any failure of Mortgagor to timely pay Mortgagor's obligations under this Paragraph 1.

DOC # 56771814
Page 4 of 6
10/05/2022 2:22 PM Recording Fee $66.00
Kristen M. Scalise, CPA, CFE, Summit County, Fiscal Officer

or in connection with the execution and delivery of the Loan Agreement, this Mortgage, or any instrument of further assurance.

PROVIDED, ALWAYS, NEVERTHELESS, if Mortgagor shall pay all of the indebtedness secured hereby and shall fully keep and perform all of the terms, covenants and conditions by Mortgagors to be kept and performed herein and in the Loan Agreement contained, then this Mortgage shall be void and shall be released by Mortgagee, at the cost and expense of Mortgagor; otherwise this Mortgage is to be and shall remain in full force and effect.

This Mortgage has been executed in __Ravenna__, Ohio this __4th__ day of __October__ 2022.

INSTANT REHAB OHIO LLC,
an Ohio limited liability company

By: _____
Title: __Owner__
Print: __Chad Stone__

State of Ohio        )
                     ) ss:
County of __Portage__ )

ACKNOWLEDGED BEFORE ME, a Notary Public in the City of __Ravenna__, State of Ohio, and in and for said county and state, personally appeared __Chad Stone__, who acknowledged that he is the __Owner__ of INSTANT REHAB OHIO LLC, an Ohio limited liability company, and that he did sign the foregoing instrument and that the same was his free act and deed personally and as such officer of said limited liability company, this __4th__ day of __October__, 2022. This is an acknowledgement clause, no oath or affirmation was given by the signor.

_Jessica Miller_
Notary Public

JESSICA MILLER
Notary Public, State of Ohio
My Comm. Expires 01/14/2025

This Instrument Prepared by and after recording return to:
Mark J. Stockman, Esq.
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, OH 44114-1230
216-515-1660

DOC # 56771814

Page 5 of 6
10/05/2022 2:22 PM Recording Fee: $66.00
Kristen M. Scalise, CPA, CFE, Summit County Fiscal Officer

01280092-1

## EXHIBIT A
## LEGAL DESCRIPTION

Situated in the City of Akron, County of Summit and State of Ohio, and known as being:

A Part of Lot 18 West of Portage Path and a part of Lot 1, Tract 8, formerly in Portage Township in Wettach's Third Allotment, as recorded in Plat Book 13, Page 30, in Summit County Records of Plats.

Beginning at the south line of Lot 104 and the west line of Moon Street,

thence Westerly 68 feet along the South line of said Lot 104 to a point.

Thence, northerly and parallel to the east line of said Lot 104, 45 feet to a point in the North Line of said Lot 104, thence easterly along the North line 68 feet to the Northeast corner and west line of Moon Street,

thence southerly along the West line of Moon Street, 45 feet to the place of beginning.

Excepting a strip 8 feet in width along the north line to be used in common with the West 47 feet of said Lot 104 for driveway purposes.

Also known as being : 672 Moon Street, Akron, Ohio 44307

Summit County tax parcel Nos. 67-26295 and 67-09603

DOC # 56771814

Page 6 of 6
10/05/2022 2:27 PM Recording Fee.     $ 66.00
Kristen M. Scalise, CPA, CFE. Summit County Fiscal Officer



D1280692.1