IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 24-50671 |
| | ) | |
| CHAD STONE | ) | CHAPTER 7 |
| | ) | |
| Debtor | ) | HON. ALAN M. KOSCHIK |
| | ) | BANKRUPTCY JUDGE |
| | ) | |
| NOLAN HILBRUNER | ) | ADV. PROC. NO. 24-5013 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs.- | ) | |
| | ) | |
| CHAD STONE | ) | ANSWER |
| | ) | |
| Defendant. | ) | |

Now comes the Defendant Chad Stone, by and through the undersigned counsel, and for his Answer to the Complaint filed by Plaintiff Nolan Hilbruner, hereby states as follows:

1. Defendant admits the allegation contained in Paragraph 1 of the Plaintiff's Complaint.

2. Defendant admits the allegation contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits the allegation contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits the allegation contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits the allegation contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant admits the allegation contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant admits the allegation contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant admits the allegation contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant admits the allegation contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

29. In response to Paragraph 29 of the Plaintiff's Complaint, Defendant incorporates by reference his admissions and denials contained in Paragraphs 1 through 28 above as if fully rewritten herein.

30. Defendant states that no response to paragraph 30 is required.

31. Defendant admits the allegation contained in Paragraph 31 of the Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40.     Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted to herein.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by assumption of the risk.

3.     Plaintiff's claims are barred as a result of its own conduct.

4.     Plaintiff's claims are barred, in whole or in part, by the direct and proximate result of intervening and/or superseding acts of third parties over which this Defendant had neither control nor the duty to control.

5.     Plaintiff has failed to mitigate its alleged damages.

6.     Plaintiff's claims are barred by failure of consideration.

7.     Plaintiff's claims are barred by accord and satisfaction.

8.     Defendant reserves the right to supplement his answer and defenses once discovery in this matter has been completed.

WHEREFORE, Defendant Chad Stone respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, that Defendant recover his costs and fees incurred herein and for such other and further relief as this Court deems proper.

Dated: September 16, 2024				Respectfully submitted,


				/s/ Peter G. Tsarnas
				Peter G. Tsarnas, #0076934
				Gertz & Rosen, Ltd.
				159 S. Main Street, Suite 400
				Akron, OH 44308
				Telephone: (330) 255-0735
				Fax: (330) 932-2367
				ptsarnas@gertzrosen.com

				*Counsel for Defendant Chad Stone*


CERTIFICATE OF SERVICE

I certify that on September 16, 2024, a true and correct copy of this Answer was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    Hunter G. Cavell, Esq. (hcavell@cavelllaw.com)
    *Counsel for Plaintiff*

    Office of the US Trustee


				/s/ Peter G. Tsarnas
				Peter G. Tsarnas, #0076934
				*Counsel for Defendant Chad Stone*